UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIA E. MENDOZA-JIMENES,<br><br>    Plaintiff,<br><br>v.<br><br>BONNEVILLE COUNTY, BONNEVILLE COUNTY PROSECUTING ATTORNEYS OFFICE, DANIEL R. CLARK, in his personal and official capacity, MICHAEL F. WINCHESTER, in his personal and official capacity, KOREY EDWARD PAYNE, in his personal and official capacity, KOHL'S DEPARTMENT STORES, INC., SHELLIE COUGHLAN, and JOHN DOES I-XII,<br><br>    Defendants. | Case No. 4:17-cv-00501-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Pending before the Court is Plaintiff's Motion for an Extension of Time to File Response/Reply. Dkt. 10. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons set forth below, the Court GRANTS the Motion.

## II. BACKGROUND

Plaintiff Maria Mendoza-Jimenes filed this lawsuit on December 6, 2017. On March 27, 2018, certain Defendants (hereafter Defendants or "Bonneville County Defendants") filed a Motion to Dismiss.[1] Dkt. 4. In this Motion to Dismiss, Defendants claim Mendoza-Jimenes did not properly serve them and asks the Court to dismiss the case.

Mendoza-Jimenes did not respond to Defendants' Motion to Dismiss, but instead filed a Notice of Intent to Take Default on April 4, 2018. Dkt. 5. In this Notice, Mendoza-Jimenes stated that she had served Defendants, but they failed to respond and as a result, she would be asking the Court to take default if Defendants did not appear within ten days from the date of that Notice. Defendants responded to Mendoza-Jimenes' Notice asserting that the Motion to Dismiss adequately addressed their position on this issue and that the Court needed to take that matter up first before taking any further action. Dkt. 6.

It is clear from these filings that service of process is the main question at issue so far in this case.

The time to respond to Defendants' Motion to Dismiss came and went, as did the date that Mendoza-Jimenes stated she would move for default if Defendants did not appear.

---

[1] The moving Defendants are Bonneville County, Bonneville County Prosecuting Attorney's Office, Daniel R. Clark, Michael F. Winchester, Bonneville County Sheriff's Office, Paul J. Wilde, and Korey Edward Payne. The other Defendants, Kohl's Department Stores, Inc., Shellie Coughlan, and John Does I-XII are not moving Defendants.

On April 23, 2018, the Court sent an email to Counsel noting that the various dates had passed and that the Motion to Dismiss appeared ripe for a ruling. Because of the confusion in filings, the Court asked if there was anything that it was unaware of (such as discussions between the parties regarding how to proceed).[2] In response, Plaintiff's Counsel indicated that he would like to respond to Defendants' Motion to Dismiss, but was confused about the deadline by which he was required to do so. Thereafter, Defendants filed a notice with the Court asserting that Plaintiff's failure to timely respond to the motion was consent (Dkt. 9), to which Plaintiff filed the instant Motion seeking an extension of time to file a response to Defendants' Motion to Dismiss (Dkt. 10).

### III. LEGAL STANDARD

Idaho Local District Civil Rules mandate that once a moving party has served a motion upon the opposing party, the opposing party has 21 days to respond to the motion. Dist. Idaho Loc. Civ. R. 7.1(c)(1). The moving party may file a reply brief, if desired, within 14 days after receiving the non-moving party's response. Dist. Idaho Loc. Civ. R. 7.1(b)(3).

Failure to timely respond to a motion is normally a waiver of that opportunity and may be deemed consent unless an extension has been granted. Dist. Idaho Loc. Civ. R. 7.1(e)(1). The standard for an extension is good cause. Dist. Idaho Loc. Civ. R. 6.1(a).

---

[2] Normally, the Court would not reference informal communications that are not part of the record, but must briefly do so here for context.

# IV. ANALYSIS

In this case, Plaintiff's Counsel indicates that a docket entry with a date in June caused him confusion and that he erroneous believed he had until that time to respond to Defendants' Motion to Dismiss. Counsel is referring to Docket 7. Docket 7 is a routine Notice that the Court sends out in all civil cases when—as was the case here—the Clerk of the Court assigned the case to an Article III district court judge. This Notice is a reminder that the parties can consent to have a United States Magistrate Judge in the District preside over the case. The Notice itself explain this process. In the body of Docket 7's text, the entry lists the deadline to consent as June 5, 2018. As part of this Notice, Docket 4 (the Motion to Dismiss) and Docket 1 (the Complaint) were also listed in the body of the text. There is no significance to these docket entries being listed other than the fact that those entries were the only substantive items pending in the case at that time.

Plaintiff's Counsel asserts that this entry caused his confusion. The explanation as to what was confusing, however, is confusing in and of itself. In his affidavit, Plaintiff's Counsel indicates that (1) he mistakenly thought the June date referred to the Motion to Dismiss response timeline, and/or (2) that the Court would have to take up the Magistrate consent issue before the other issues so he would have until sometime later in June to respond, and/or (3) as is the case in Idaho state court, the Court needed to set a hearing on the matter and briefing would work backwards from that future date.

Here, the Court finds Plaintiff's Counsel's reasons for confusion shaky, at best. A simple reading of the Docket would have cleared up any confusion.

First, although the text of Docket 7 references Docket 4—the Motion to Dismiss—it clearly states that "Consent/Objection to Magistrate due by 6/5/2018." Dkt. 7. This process happens in every case and occurs "in the background" so to speak. In other words, it is a separate process that takes place while other matters are ongoing. It does not stay the case or affect the deadlines of any motions or proceedings. Additionally, had Plaintiff's Counsel opened the attached document it would have been abundantly apparent that it contained an explanation and form for consent and had nothing to do with briefing deadlines for the Motion to Dismiss.

Second, the three week/two week schedule for briefing is the standard schedule for all motions within the District of Idaho. CM/ECF automatically populates these deadlines for convenience. Accordingly, when Defendants filed their Motion to Dismiss in this case, CM/ECF set the deadline and clearly stated that "Responses [are] due by 4/17/2018." Dkt. 4. Thus Docket 4 itself notified Counsel of the appropriate deadline. CM/ECF generated this notification approximately 10 days prior to the docket entry that supposedly caused the confusion.[3]

---

[3] In his affidavit, Plaintiff's Counsel asserts he never received notice of Defendants' Motion to Dismiss, but only saw it when he filed his own Notice of Intent to take Default. Even assuming he did not receive notice of Defendants' filing, he admits he saw it on April 4, 2018, when he filed his Notice. Dkt. 10-1, ¶14. At that point, Plaintiff would still have had two weeks to respond to Defendants' Motion.

Third, Counsel should know this Court utilizes different rules than Idaho state court. In particular, in this Court hearings are not set with backdated briefing. Briefing occurs per the Local Rules, followed by a hearing if the Court deems one necessary.

In sum, all of this could have been avoided had Plaintiff's Counsel took the time to read the docket entries in their entirety. Additionally, some of the confusion (such as the belief that the Court needed to address the Magistrate process first, or set a hearing first) appears to come from a lack of knowledge regarding federal court procedures and practices. Even then, if confusion existed, a call to the clerk's office, or even chambers, would have been appropriate to clear up any misunderstandings.

All of this aside, the Court is governed by Rule 1 of the Federal Rules of Civil Procedure, which instructs the Court and the parties "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Here, Defendants' Motion to Dismiss has the potential to be dispositive—to the point of full dismissal of the action as to many Defendants. The Court is not speculating on the outcome of the Motion at this time, but simply notes that in order to make an accurate determination, the Court will give Plaintiff an opportunity to respond. Anything less would only delay the inevitable future motion to set aside dismissal, or refiling of the case for the sole purpose of taking up the same exact issues. In the interest of judicial economy and utilization of resources, the Court will allow Plaintiff an opportunity to respond to the Motion to Dismiss.

## V. CONCLUSION

Defendants' Motion to Dismiss turns on whether Mendoza-Jimenes properly served Defendants with the Complaint and Summons. Granting Plaintiff a few days to file a brief will not change the fact or validity of service. It will give Plaintiff an opportunity to explain how service occurred. The Court will grant a short extension so that Plaintiff can respond to Defendant's Motion to Dismiss.

## VI. ORDER

**IT IS ORDERED:**

1. Mendoza-Jimenes' Motion for Extension of Time to File Response (Dkt. 10) is hereby GRANTED. Mendoza-Jimenes has until **Monday, April 30, 2018, at 11:59 PM** to file a response to Defendants' Motion to Dismiss. Defendants will then have the standard 14 days to reply. Following Defendants' reply, the Court will rule on the Motion without a hearing or oral argument.

DATED: April 25, 2018

David C. Nye
U.S. District Court Judge