UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIA E. MENDOZA-JIMENES,<br><br>Plaintiff,<br><br>v.<br><br>BONNEVILLE COUNTY, BONNEVILLE COUNTY PROSECUTING ATTORNEYS OFFICE, DANIEL R. CLARK, in his personal and official capacity, MICHAEL F. WINCHESTER, in his personal and official capacity, BONNEVILLE COUNTY SHERIFF'S OFFICE, PAUL J. WILDE, in his personal and official capacity, KOREY EDWARD PAYNE, in his personal and official capacity, KOHL'S DEPARTMENT STORES, INC., SHELLIE COUGHLAN, and JOHN DOES I-XII,<br><br>Defendants. | Case No. 4:17-cv-00501-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Pending before the Court is Defendants Bonneville County, Bonneville County Prosecuting Attorney's Office, Daniel R. Clark, Michael F. Winchester, Bonneville County Sheriff's Office, Paul J. Wilde, and Korey Edward Payne's ("Bonneville County Defendants") Motion to Dismiss. Dkt. 4. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in

MEMORANDUM DECISION AND ORDER - 1

the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons set forth below, the Court GRANTS the Motion.

## II. BACKGROUND

Plaintiff Maria Mendoza-Jimenes filed this lawsuit on December 6, 2017. In her Complaint, Mendoza-Jimenes alleges various civil rights violations against the Bonneville County Defendants stemming from theft charges Bonneville County filed against her which were later dropped. Put succinctly, Mendoza-Jimenes alleges that the Bonneville County Defendants were derelict in their duties and falsely charged and imprisoned her for a theft she did not commit. According to Mendoza-Jimenes, all of this could have been avoided had the Bonneville County Defendants performed a competent and thorough investigation.

In the instant Motion, the Bonneville County Defendants assert that Mendoza-Jimenes failed to properly serve them in compliance with Rule 4 of the Federal Rules of Civil Procedure. Based upon this deficient service, the Bonneville County Defendants ask the Court to dismiss all claims against them.

## III. LEGAL STANDARD

Rule 4 of the Federal Rules of Civil Procedure governs service of process. Pursuant to Rule 4(m), it is a plaintiff's duty to serve each defendant in the case within 90

days after filing the complaint or request a waiver or service under Rule 4(d). Service upon a defendant in their individual capacity must conform with Rule 4(e) as follows:

> **(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> > **(2)** doing any of the following:
> > > **(A)** delivering a copy of the summons and of the complaint to the individual personally;
> > > **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > > **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Serving an individual defendant in his or her official capacity "may be made personally or by leaving the summons and complaint with an authorized agent at the defendant's place of employment." *Gerritsen v. Consulado Gen. De Mexico*, 989 F.2d 340, 344 (9th Cir. 1993).

Serving a corporation, partnership, or association must conform with Rule 4(h) as follows:

> **(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> > **(1)** in a judicial district of the United States:
> > > **(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> > > **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the

statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h). Courts require "substantial compliance with Rule 4" and if a plaintiff fails to substantially comply, a court lacks personal jurisdiction over defendants. *Jackson v. Hayakawa,* 682 F.2d 1344, 1347 (9th Cir.1982).

## IV. ANALYSIS

Here, the Bonneville County Defendants assert that Mendoza-Jimenes failed to serve each of them individually and in their professional capacities. In her reply brief, Mendoza-Jimenes does not discuss service upon the Bonneville County Defendants in their individual capacity, thus appearing to concede that individual service never occurred.[1]

In addition to conceding that none of the Defendants were properly served in their individual capacity, Mendoza-Jimenes also admits that she failed to post a bond as required by Idaho State law for her state law claims against the Defendants who are law enforcement officers. *See* Idaho Code § 6-610. This failure provides an independent alternative basis for dismissing the claims against all law enforcement officers in this case.

---

[1] Mendoza-Jimenes only discusses her attempted service upon a secretary at the Bonneville County Prosecutor's Office. It is not clear if Mendoza-Jimenes believed that this service would apply to each Defendant in their individual *and* professional capacity, or just professionally. It is undisputed, however, that Mendoza-Jimenses did not serve any of the Bonneville County Defendants personally at their dwelling place, or via an authorized agent. The one exception to this is Defendant Michael F. Winchester, Deputy Prosecuting Attorney for Bonneville County, who Mendoza-Jimenes personally served. However, that service was untimely and thus void. Mendoza-Jimenes does not contest the untimeliness of the service upon Winchester.

MEMORANDUM DECISION AND ORDER - 4

The Bonneville County Defendants allege that Mendoza-Jimenes' only attempt at service occurred when she left a copy of the Summons and Complaint with a secretary at the Bonneville County Prosecutor's Office. The Bonneville County Defendants assert that this service was insufficient under Rule 4 and that, accordingly, the Court lacks personal jurisdiction over each of them. The Court agrees.

Mendoza-Jimenes makes a threshold argument concerning the Bonneville County Defendants' choice of law in support of their Motion to Dismiss. Mendoza-Jimenes argues that the Bonneville County Defendants should have asserted Federal Rule of Procedure 12(b)(5), "insufficient service of process," rather than Rule 12(b)(2), "lack of personal jurisdiction," in their Motion, and that, because they failed to articulate the correct rule, the Motion is void.

Here, the two rules work together. Because Mendoza-Jimenes failed to properly serve the Bonneville County Defendants (Rule 12(b)(5)), the Court lacks jurisdiction over them (Rule 12(b)(2)). *See, e.g.*, *Jackson,* 682 F.2d at 1347 (finding that the court did not have personal jurisdiction over a defendant who was not properly served in accordance with Rule 4). In short, the Bonneville County Defendants could have brought their Motion under either subsection. The only strict requirement at issue here is the "fundamental tenet of the Federal Rules of Civil Procedure [] that certain defenses under Fed. R. Civ. P. 12 must be raised at the first available opportunity or, if they are not, they are forever waived." *Am. Ass'n of Naturopathic Physicians v. Hayhurst,* 227 F.3d 1104, 1106 (9th Cir. 2000); s*ee also* Fed. R. Civ. P. 12(g), (h). There is no violation of this tenet

in this case as the Bonneville County Defendants raised the issue of personal jurisdiction in their initial filing with the Court.

The Court turns now to the merits of Mendoza-Jimenes arguments[2] that service upon the secretary at the Bonneville County Prosecutors Office was proper.

As already noted, it is unclear whether Mendoza-Jimenes intended her service at the Bonneville County Prosecutor's Office to be personal, professional, or both. Any argument that this was service as to the Bonneville County Defendants in their individual capacity fails for two reasons. First, service upon a person in their individual capacity may never be made by simply leaving a copy of the summons and complaint at that person's place of employment. *See Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987); *Gerritsen v. Consulado Gen. De Mexico*, 989 F.2d 340, 344 (9th Cir. 1993). Second, there is no indication that the secretary was any of the Bonneville County Defendants' authorized agent. As Mendoza-Jimenes does not contest individual service, the Court will not discuss this issue further and finds in favor of the Bonneville County

---

[2] In *Naranjo v. Idaho Dep't of Correction,* 265 P.3d 529 (Idaho Ct. App. 2011), the Idaho Court of Appeals addressed, and rejected, arguments similar to those Mendoza-Jimenes asserts here. Because there are numerous federal cases on point here, the Court will not include an in-depth review of *Naranjo*. However, the Court notes that Idaho state courts have rejected arguments that inexperience, mistake, reliance on conversations with other attorneys, and actual notice excuse strict compliance with the rules of service.

(Continued)

Defendants on this point. Mendoza-Jimenes failed to properly serve each of the Bonneville County Defendants in their individual capacities.[3]

The Court must next determine whether this service was proper as to the Bonneville County Defendants in their various official capacities. The Court likewise finds that it was not. Under Idaho Code section 6-906, the authorized agent of a political subdivision (such as Bonneville County) and employees of those subdivisions (such as the individual Defendants sued in their professional capacities) is the county clerk or secretary.[4] A secretary in the Bonneville County Prosecutor's Office is not the authorized agent for any of the Bonneville County Defendants. The Court, therefore, finds in favor of the Bonneville County Defendants on this point as well. Mendoza-Jimenes failed to properly serve each of them in their professional capacities. The question then is whether any exception applies under the circumstances.

Mendoza-Jimenes presents numerous arguments against a strict reading of the rules and asserts that she complied with the spirit and purpose of Rule 4. Mendoza-Jimenes points out that the Ninth Circuit has held that Rule 4 is "a flexible rule that should be liberally construed so long as a party receives sufficient notice of the

---

[3] Or at least those who have individual capacities. The Court discusses service in both the individual and professional capacity as to the Bonneville County Defendants as a whole, even though some do not have an "individual capacity" as they are public entities.

[4] *See also* Declaration of Penny Manning, Dkt. 4-5. Manning is the Clerk for Bonneville County and as such acts as the authorized agent for the County, its subdivisions, and any County employee sued in his or her official capacity. Manning declares that she never received a copy of the Summons and Complaint in this matter.

complaint." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 688 (9th Cir. 1988) (internal quotation omitted). While this is true, the Ninth Circuit has held that, for this sufficient notice exception to apply, there must be a "justifiable excuse" for the defect. *See Daly-Murphy v. Winston,* 837 F.2d 348, 355 n. 4. (9th Cir. 1987). Here, none of Mendoza-Jimenes's "excuses" were justified.

First, Mendoza-Jimenes postures that "even if Plaintiff's service was technically defective because she failed to personally serve the individual defendants in accordance with Rule 4(e) or failed to deliver process to the appropriate agent of the corporate defendants in accordance with Rule 4(h), it is undisputed that all Defendants received actual notice of the suit." Dkt. 13, at 4. Mendoza-Jimenes claims that this is evident based upon attachments filed by the Bonneville County Defendants and the filing of the instant motion.

The first "evidence" in support of this theory are affidavits submitted by the various Defendants in conjunction with the Motion to Dismiss. Dkts. 4-2—4-5. Each affiant states unequivocally that Mendoza-Jimenes never served them. One Defendant indicates that at some point he became aware that a copy of the Summons and Complaint had been left with a secretary at the Prosecutor's Office, but nothing more. Mendoza-Jimenes claims that this is actual notice. Setting aside whether anything that took place should be considered actual notice or not, this still does not address service. Mendoza-Jimenes's assertion that some (or even all) of the Bonneville County Defendants knew about the lawsuit is of little relevance as it is well settled that "neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to

MEMORANDUM DECISION AND ORDER - 8

personal jurisdiction *if service was not made in substantial compliance with Rule 4.*" *Jackson,* 682 F.2d at 1347 (emphasis added). As to Mendoza-Jimenes's second theory—that the instant motion evidences notice—it is important to remember that an initial appearance, the filing of a motion to dismiss, or any action on an attorney's part, is not acquiesces to service simply because the attorney took action. Here, the fact that the Bonneville County Defendants knew about the suit and filed the Motion to Dismiss does not take the place of proper service under Rule 4. *See id.*

Second, Mendoza-Jimenes points to her counsel's "collegial and cooperative" interactions with Daniel Clark, the Bonneville County Prosecuting Attorney, and their communications regarding this lawsuit. As just outlined, being aware of a suit does not replace the requirements of service. Additionally, Clark is not the authorized agent for any of the Bonneville County Defendants; so, while communications between Mendoza-Jimenes's counsel and Clark may have been ongoing, he did not have the authority to accept service or act on behalf of the Bonneville County Defendants.

Next, Mendoza-Jimenes cites a recent case from the District of Idaho in which Chief Judge Winmill weighed strict compliance with Rule 4 against a "fair, reasonable, and just" standard. *Kinney v. Erikson*, No. 4:11-CV-00471-BLW, 2012 WL 1288805, at *4 (D. Idaho Apr. 16, 2012). In that case, Judge Winmill ultimately allowed the plaintiff's case to proceed even though she had not strictly complied with Rule 4. *Id.* Importantly, *Kinney* involved a pro se plaintiff; not someone represented by counsel, such as Mendoza-Jimenes. Judge Winmill's reasoning in *Kinney* conforms with Ninth Circuit precedent on this matter. *See Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984)

MEMORANDUM DECISION AND ORDER - 9

(finding that a pro se litigant who had been given incorrect information regarding service from the district court had a justifiable excuse for failing to comply with the strict requirements of Rule 4); *Direct Mail Specialists, Inc.,* 840 F.2d at 688 (finding that it was "fair" to apply the exception when service was effected upon the secretary of a small company because she was the sole person in the office and the service was communicated to management that same day and/or the day following).

It is important to note that in subsequent decisions Judge Winmill has made clear that fairness does not override strict compliance except in limited circumstances and that "a liberal and flexible interpretation of Rule 4 [would] have precisely the opposite effect, encouraging countless disputes over whether a defendant had actual notice and whether it would be 'fair' to treat a deficient method of service as valid." *Staples v. Outsource Receivables Mgmt.*, No. 4:12-CV-00014-BLW, 2013 WL 12137841, at *3 (D. Idaho July 24, 2013). For these reasons, Judge Winmill concluded "that the approach suggested by the Circuit in *Direct Mail Specialists*, should rarely, if ever, be used by a trial court." *Id.*

Similarly, the Ninth Circuit has been more strict with the requirements of Rule 4 when a plaintiff is represented by counsel, *see Hart v. United States*, 817 F.2d 78, 81 (9th Cir. 1987), and has routinely held that inadvertence or error on the part of counsel "does not qualify as good cause," *see Wei v. Hawaii,* 763 F.2d 370, 372 (9th Cir. 1985).

Finally, Mendoza-Jimenes argues that the Bonneville County Prosecuting Attorney's Office secretary was "unquestionably an agent authorized under these circumstances." Dkt 13, at 5. Mendoza-Jimenes provides no support for such a proposition. Assuming arguendo that this theory is based upon a broad reading of Rule

MEMORANDUM DECISION AND ORDER - 10

4(h) and the language in *Direct Mail Specialists* that "service can be made upon a representative so integrated with the organization that he will know what to do with the papers," 840 F.2d at 688, such an argument would not change the Court's analysis. The Court just addressed—and rejected—the fairness over strictness argument because Mendoza-Jimenes is represented by counsel, and there is no indication that this secretary was "so integrated with the organization" that she would qualify as an agent or representative for any of the Bonneville County Defendants (individually or collectively). The Court rejects this final argument.

## V. CONCLUSION

Mendoza-Jimenes admits that "best practice[s] would have included an attempt to gain a waiver of service." Dkt. 13, at 5. Mendoza-Jimenes knew what should have been done, but instead relied upon informal communications and a casual approach to the rules of service. None of Mendoza-Jimenes's reasons for her failure to properly serve the Bonneville County Defendants rise to the level of a justifiable excuse. A strict reading of Rule 4 is, therefore, appropriate in this case.

Mendoza-Jimenes failed to properly serve the Bonneville County Defendants in the individual capacities as none were personally served (or in Winchester's case, he was served, but not timely).

Additionally, Mendoza-Jimenes failed to properly serve the Bonneville County Defendants in the official capacities as none were personally served or served via an authorized agent. Leaving a copy of the Summons and Complaint with a secretary at the

Bonneville County Prosecutor's Office was insufficient and does not comply with the requirements of Rule 4.

## VI. ORDER

**IT IS ORDERED:**

1. The Bonneville County Defendants' Motion to Dismiss (Dkt. 4) is hereby **GRANTED.** Defendants Bonneville County, Bonneville County Prosecuting Attorney's Office, Daniel R. Clark, Michael F. Winchester, Bonneville County Sheriff's Office, Paul J. Wilde, and Korey Edward Payne are dismissed, with prejudice,[5] from this case.

DATED: August 7, 2018

David C. Nye
U.S. District Court Judge

---

[5] The Bonneville County Defendants are dismissed with prejudice because Mendoza-Jimenes cannot cure her insufficient service as the deadline has passed.